UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUBERT WARREN, )
 )
 Plaintiff, )
 )
v. ) Misc. No. 14-426
 )
McLENNAN COUNTY, TEXAS, *et al.*, )
 )
 Defendants. )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. Generally, the plaintiff alleges that the defendants have violated provisions of the Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution not only in effecting his criminal conviction, but also in thwarting his efforts to secure his release from custody. *See generally* Writ of Memorandum to Support Civil Actions Complaints. The application will be denied, and the complaint will be dismissed.

Pursuant to the Prison Litigation Reform Act ("PLRA"), unless a prisoner "is under imminent danger of serious physical injury," he may not proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006). This provision "neither divests a prisoner of his right to bring a claim nor changes the law in a way that adversely affects his prospects for success on the merits of the claim." *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000). A prisoner who is "not allowed to proceed [*in forma pauperis*] may pursue [his] substantive claims just as anyone else by paying the filing fee." *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).

1

Plaintiff has accumulated at least three strikes. *See Warren v. Keller*, No. 5:07-cv-0431 (W.D. Tex. June 13, 2007) (dismissing complaint as frivolous and for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Warren v. Texas Court of Criminal Appeals*, No. 5:06-cv-0288 (W.D. Tex. May 2, 2006) (dismissing complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A); *Warren v. Texas Court of Criminal Appeals*, No. 1:04-cv-0060 (W.D. Tex. Mar. 15, 2004) (dismissing complaint with prejudice as frivolous); *see also Warren v. Ellis County, Texas*, 519 F. App'x 319 (5th Cir. 2013) (per curiam) (denying application to proceed *in forma pauperis* on appeal under § 1915(g)); *Warren v. United States*, 105 Fed. Cl. 507, 510 (Fed. Cl. 2012) (dismissing complaint under § 1915(g) or, alternatively, for lack of subject matter jurisdiction).

The plaintiff attempts to skirt the "three strikes" provision by claiming that he is under imminent danger of serious bodily injury. He represents that he has been diagnosed with pancreatic cancer, *see* Mot. to Show Cause at 1, and suffers migraines, fatigue and depression, *see* Compl. ¶ 43, among other conditions. His medical ailments have "nothing to do with" his claims, however, and "[t]he imminent-danger exception only applies where "the action is connected to the imminent danger." *Alston v. FBI*, 747 F. Supp. 2d 28, 31 (D.D.C. 2010); *see also Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 421-22 (D.C. Cir. 2009). Furthermore, in assessing whether a litigant qualifies for the imminent danger exception to the "three strikes" provision, the Court looks to the allegations of the plaintiff's complaint, *see Ibrahim*, 463 F.3d at 6, none of which address the purported danger the plaintiff describes. The Court concludes that the plaintiff not only has accumulated three strikes but also fails to qualify for the imminent danger exception.

Accordingly, it is hereby

ORDERED that the plaintiff's application to proceed *in forma pauperis* is DENIED pursuant to 28 U.S.C. § 1915(g); it is

FURTHER ORDERED that all motions filed with the plaintiff's complaint are DENIED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that the complaint and this action are DISMISSED WITHOUT PREJUDICE to refiling upon payment in full of the $350 filing fee.

This is a final appealable Order.

SO ORDERED.

_____
United States District Judge

DATE: 3/5/14